UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PENOBSCOT INDIAN NATION )<br>12 Wabanaki Way )<br>Indian Island, ME 04468, )<br> )<br>PENOBSCOT INDIAN NATION ENTERPRISES )<br>12 Wabanaki Way )<br>Indian Island, ME 04468 )<br> )<br>and )<br> )<br>GLOBAL DIRECT SALES, LLC )<br>7824 Cessna Avenue )<br>Gaithersberg, MD 20879 )<br> )<br>            Plaintiffs, )<br> )<br>       -v- )<br> )<br>UNITED STATES DEPARTMENT OF HOUSING )<br>AND URBAN DEVELOPMENT, ALPHONSO )<br>JACKSON IN HIS CAPACITY AS SECRETARY )<br>OF HOUSING AND URBANDEVELOPMENT, )<br>ROY A. BERNARDI, IN HIS CAPACITY AS )<br>DEPUTY SECRETARY OF HOUSING AND )<br>URBAN DEVELOPMENT AND BRIAN )<br>MONTGOMERY, IN HIS CAPACITY AS )<br>ASSISTANT SECRETARY OF HOUSING AND )<br>URBAN DEVELOPMENT AND )<br>COMMISSIONER OF THE FEDERAL HOUSING )<br>ADMINISTRATION )<br>451 7th Street S.W. )<br>Washington, DC 20410 )<br> )<br> )<br>            Defendants. )<br> )  | Case No.:<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br> |

Plaintiffs, the Penobscot Indian Nation, Penobscot Indian Nation Enterprises and Global Direct Sales, LLC, by their attorneys Kantrowitz, Goldhamer and Graifman, P.C. and The Mason Law Firm, L.L.P., as and for their complaint against defendants, the Department of Housing and Urban Development *et al.*, allege as follows:

## SUMMARY OF THE ACTION

1. The Penobscot Indian Nation is a federally recognized Native American Government which created The Grant America Program™, a government grant program that provides low to moderate-income homebuyers with a down payment grant to be used towards the purchase of a home.

2. The Department of Housing and Urban Development ("HUD") is the federal agency that oversees the Federal Housing Administration. HUD regulations allow the use of gift funds from governmental agencies or public entities to a homebuyer for a down payment towards the purchase of a home. HUD has an express policy of "Consultation and Coordination with Indian Tribal Governments," which includes all HUD programs that have substantial direct effects on federally recognized Indian tribal governments. HUD also has a policy of not reviewing "downpayment programs operated by instrumentalities of government."

3. Despite GAP's compliance with all HUD regulations, HUD has instructed plaintiffs and third-parties that the program does not comply with HUD regulations. HUD has done so despite the Penobscot Indian Nation's status as a governmental agency and public entity, the failure to consult with the Penobscot Indian Nation, the failure to obtain any program information from plaintiffs or even advise plaintiffs that a program review was being performed. HUD's actions were arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedures required by law and these actions have injured plaintiffs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 5 U.S.C. §§ 701-706 (Administrative Procedures Act).

5. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 (declaratory judgment) because the Plaintiffs assert the Defendants are violating federal law.

6. Venue is proper in the District Court for the District of Colombia pursuant to 28 U.S.C. 1391(e).

## PARTIES

7. Plaintiff Penobscot Indian Nation ("PIN") is a federally recognized Native American Government located on the Penobscot River in the State of Maine.

8. Plaintiff Penobscot Indian Nation Enterprises ("PINE") is a tribal corporation of the PIN. PINE is a "Section 17" federally chartered Native American Corporation as defined under the Indian Reorganization Act of 1934, as amended, 25 U.S.C. 477 et. seq.

9. Plaintiff Global Direct Sales, LLC ("GDS") is a Maryland limited liability company with its principal place of business located at 7824 Cessna Avenue, Gaithersburg, MD 20879.

10. Defendant Department of Housing and Urban Development is the federal agency that oversees the Federal Housing Administration ("FHA"), including activities and programs that provide mortgage insurance and loan guarantees.

11. Defendant Alphonso Jackson is the duly confirmed Secretary of HUD and is responsible for the administration and enforcement of all HUD policies and procedures, including those pertaining to down payment assistance programs.

12. Defendant Roy A. Bernardi is the duly confirmed Deputy Secretary of HUD and is responsible for the administration and enforcement of HUD policies and procedures, including those pertaining to down payment assistance programs.

13. Defendant Brian Montgomery is a duly confirmed Assistant Secretary of HUD and commissioner of the FHA and is responsible for the administration and enforcement of HUD and FHA policies and procedures, including those pertaining to down payment assistance programs.

## FACTS

A. **PIN is Governmental Agency and Public Entity Which Created a Down Payment Assistance Program**

14. Pursuant to 25 U.S.C §§ 1723 et seq., PIN is a federally recognized Native American Government.

15. On January 24, 2007, the PIN Tribal Counsel passed Resolution 01-24-07-01, creating the PIN Fair Housing Administration and allowing a national down payment assistance program to benefit low to moderate-income homebuyers across America.

16. PIN, PINE and GDS entered into an Agreement to develop, organize and operate a down payment assistance program ("DPA") wholly owned by PIN. PIN is the source of all funds provided to the homebuyer under GAP.

17. As a federally recognized Native American Government, PIN is a "governmental agency and public entity" as defined by HUD.

18. HUD's Tribal Government-to-Government Consultation Policy provides that "HUD recognizes and commits to a government-to-government relationship with Federally-recognized tribes."

B. **Governmental Agencies and Public Entities Can Provide Gifts Towards Down Payments**

19. GAP fully complies with HUD regulations because HUD regulations allow gift funds from governmental agencies and public entities to be used as a down payment towards the purchase of a home.

20. HUD expressly allows gift funds from a governmental agency or public entity that has a program to provide homeownership assistance. HUD Handbook 4155.1 Rev (5), Section 3, 2-10, ¶ 3 (emphasis added), provides:

> Gift Funds. An outright gift of the cash investment is acceptable if the donor is the borrower's relative, the borrower's employer or labor union, a charitable organization, a governmental agency or public entity that has a program to provide homeownership assistance to low- and moderate-income families or first-time homebuyers, or a close friend with a clearly defined and documented interest in the borrower.

21. HUD regulations provide that "Federal, State and local government agencies . . . may provide secondary financing for the borrower's *entire cash investment*." HUD Handbook 4155.1 Rev (5), Section 5, 1-13, ¶ A (italics in original).

22. HUD's stated Tribal Government-to-Government Consultation Policy reaffirms HUD's:

> commitment to operate within a government-to-government relationship with federally recognized American Indian and Alaska Native tribes, and to advance self-governance for such tribes. http://www.hud.gov/offices/pih/ih/regs/govtogov_tcp.cfm

23. On November 14, 2002, HUD issued Mortgage Letter 2002-22 regarding DPA's operated by Governmental Agencies and Nonprofits using subordinate financing. Mortgagee Letter 2002-22 provides that:

>The policies discussed in ML 94-2 have enabled state and local governments, by themselves or through nonprofit instrumentalities established by the governmental units, to operate successful downpayment assistance programs.

24. GAP complies with HUD regulations because HUD allows down payment assistance from governmental agencies and public entities and recognizes PIN as a governmental agency and public entity.

C. **HUD's Policies Regarding Program Review and Tribal Consultations**

25. HUD maintains a policy of not reviewing downpayment assistance programs operated by governmental agencies and public entities and consulting with federally recognized Indian tribes regarding HUD policies and programs that substantially effect federally recognized Indian tribal governments. Despite these policies and GAP's compliance with HUD regulations, HUD has notified plaintiffs' and third parties that GAP does not comply with HUD regulations.

26. HUD's "Downpayment Assistance Through Secondary Finance Providers (DPA)" policy provides that no approval is necessary or provided for government entity down payment assistance programs. The policy states:

>**Government Entity DAPs:** No approval is required for Government Entities that provide secondary financing in the form of a lien in conjunction with an FHA first mortgage lien. HUD does not maintain a list of Government Entity DAP providers.
>http://www.hud.gov/offices/hsg/sfh/np/sfhdap01.cfm

27. On May 7, 2007, HUD advised plaintiffs in writing that "HUD does not review downpayment programs operated by instrumentalities of government."

28. HUD's stated "Tribal Government-to-Government Consultation Policy" provides that:

>The Presidential Memorandum directs each executive department and agency, to the greatest extent practicable and to the extent

permitted by law, to consult with tribal governments prior to taking actions that have substantial direct effects on federally recognized tribal governments. In order to ensure that the rights of sovereign tribal governments are fully respected, all such consultations are to be open and candid so that tribal governments may evaluate for themselves the potential impact of relevant proposals.

D. **HUD's Conduct**

29. Contrary to HUD rules, regulations and policies, HUD has improperly advised plaintiffs and third parties that GAP does not comply with HUD regulations, despite its compliance, HUD's policy not to review such programs and the failure to consult with plaintiffs or receive any input from plaintiffs regarding GAP.

30. In March 2007, Brenda Bellisario at the Philadelphia Homeownership Center, advised GMAC Bank, that GAP did not meet HUD Guidelines. GMAC advised plaintiffs that "HUD indicated that this program did not appear to meet their guidelines based on what was submitted. . . .This program request is denied."

31. During a March 2007 telephone conversation, John Ertle at the Connecticut HUD office advised Christopher Russell, Director of GDS that GAP did not meet HUD guidelines, but was unable to identify a regulation with which GAP did not comply.

32. On May 30, 2007, Elaine A. Roberts, a HUD employee at the Denver Homeownership Center, wrote the following regarding GAP:

> Here is what our legal dept. said:
>
> The present status is that HQ Housing has instructed the HOCs [Homeownership Centers] in the interim that this program is not an acceptable source of down payment gift funds although the program is under review in HQ. This program will probably be killed by the new proposed reg published on 5/11 for comment that will, if adopted as written, prohibit any gift funds from coming from the seller 'before during or after the closing.'

33. To date, no new regulation has been adopted which affects GAP's compliance with HUD regulations.

34. Before making these statements, HUD had not contacted PIN, PINE or GDS regarding a program review or requested any information regarding GAP. Accordingly, any program review was being conducted without any input from or consultation with plaintiffs, including PIN.

35. HUD is currently performing over 20,000 FHA loan transactions per month and 240,000 loan transactions per year, with similarly operated nonprofit DPA programs, which are not governmental agencies or public entities.

36. HUD actions, including, but not limited to, the Denver, Connecticut and Philadelphia Homeownership Center, have improperly interfered with Plaintiffs' DPA.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

37. Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the complaint as if set forth at length herein.

38. There is a justiciable issue involving the parties which requires a declaration of the parties' rights.

39. Plaintiffs seek a declaration that GAP complies with HUD regulations.

### SECOND CAUSE OF ACTION
### (Violation of the Administrative Procedure Act)

40. Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the complaint as if set forth at length herein.

41. Defendants' actions regarding plaintiffs and GAP were arbitrary, capricious, and abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

42. As a result of defendants' wrongful actions, plaintiffs have been injured.

### THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

43. Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the complaint as if set forth at length herein.

44. The Trade and Intercourse Act of 1790, Act July 22, 1790, c. 33, 1 Stat. 137, now covered by the Indian Trade Commission Act, § 2(3), 25 U.S.C.A. § 70a (3), established a fiduciary relationship between Indians and United States Government.

45. Defendants actions have breached their fiduciary duty to Plaintiffs PIN and PINE.

46. Defendants' breach of their fiduciary duty was a substantial factor in causing plaintiffs' damages.

47. As a result of Defendants' wrongful actions, plaintiffs have been injured and are entitled to compensatory and punitive damages.

### FOURTH CAUSE OF ACTION
### (Injunctive Relief)

48. Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the complaint as if set forth at length herein.

49. Defendants' conduct has improperly interfered with plaintiffs' GAP causing injury to plaintiffs.

50. Defendants should be permanently enjoined from interfering with GAP.

51.     The grounds for an injunction are present therein, including the fact that plaintiffs have a likelihood of success on the merits; irreparable harm will be done if the injunction is denied; the balance of the equities is in favor of granting the injunction and plaintiffs have been injured by defendants' action and will continue to be injured absent the requested injunctive relief.

**WHEREFORE**, plaintiffs demand judgment as follows:

a) On their first cause of action, declaring that GAP is compliant with HUD regulations and awarding costs, attorneys' fees and other relief;

b) On their second cause of action, declaring that defendants' conduct violated and continues to violate the administrative procedures Act and awarding appropriate damages, costs and attorneys' fees and other relief;

c) On their third cause of action, declaring that defendants breached their fiduciary duty and awarding compensatory and punitive damages, costs, attorneys' fees and other relief;

d) On their fourth cause of action, enjoining defendants from interfering with GAP, costs, attorneys' fees and other relief; and

e) For such other, further and different relief as the court deems just and proper.

Dated: July 18, 2007

RESPECTFULLY SUMITTED,
**THE MASON LAW FIRM, L.L.P.**

Gary E. Mason
DC Bar #418073
1225 19th Street NW. Suite 500
Washington, D.C. 20036
(202) 429-2290

Michael Braunstein
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, N.Y. 10977
(845) 356-2570
Attorneys for Plaintiffs

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Penobscot Indian Nation, Penobscot Indian Nation Enterprises, and Global Direst Sales, LLC

## DEFENDANTS
United States Department of Housing and Urban Development

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary E. Mason
The Mason Law Firm, LLP
1225 19th Street, NW, Suite 500
Washington, DC 20036
(202) 429-2290

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1331 and 5 U.S.C. §§ 701 - 706, an actual controversy exists between parties within the meaning of 28 U.S.C.§2201.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☒    DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 18, 2007    SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.