UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————— )
                                                              )
PENOBSCOT INDIAN NATION *et al.*,        )
                                                              )
            Plaintiffs,                               )
                                                              )
    v.                                                     )            Civil Action No. 07-1282 (PLF)
                                                              )
UNITED STATES DEPARTMENT OF          )
HOUSING & URBAN DEVELOPMENT *et al.*,  )
                                                              )
            Defendants.                              )
———————————————————— )

### DEFENDANTS' OPPOSED MOTION FOR ENLARGEMENT OF TIME

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, defendants United

States Department of Housing and Urban Development ("HUD"), its Secretary, Alphonso R.

Jackson, Deputy Secretary Roy Bernardi, and Assistant Secretary Brian Montgomery respectfully

request an extension of time of one week, which would be until September 26, 2007, in which to

file (a) a response to the Complaint; and (b) an opposition to plaintiffs' motion for summary

judgment. Plaintiffs, through their counsel, oppose the relief being sought in this motion. The

grounds for this motion are set forth below and a proposed order is attached.

Plaintiffs filed this action under the Administrative Procedure Act on July 18, 2007. See

Docket Entry No. 1; Complaint, ¶ 4. Plaintiffs allege that "HUD has instructed plaintiffs and

third-parties that the [plaintiffs' Grant America Program] does not comply with HUD

regulations." See Compl. ¶ 3. Plaintiffs allege that the Grant America Program ("GAP")

provides downpayment assistance for low to moderate-income home buyers and "complies fully

with HUD regulations." See Compl. ¶¶ 2, 19. For relief, Plaintiffs seek declarations that GAP

complies with HUD regulations and that HUD's alleged actions were arbitrary, capricious, an abuse of discretion or not in accordance with law. Plaintiffs also allege a cause of action based on an alleged breach of fiduciary duty causing an unspecified amount of damages. See Compl. Third Cause of Action. Plaintiffs also seek punitive damages and permanent injunctive relief. Compl. ¶¶ 47, 50.

A copy of the complaint, along with a summons, were received in the Civil Division of the U.S. Attorney's Office on July 20, 2007. Accordingly, defendant's initial response to the complaint was originally due on September 18, 2007. See Fed. R. Civ. P. 12(a)(3). In addition, on August 10, 2007, shortly after the U.S. Attorney's Office assigned daily responsibility for this matter internally to an Assistant United States Attorney ("AUSA"), plaintiffs filed a motion for partial summary judgment on the declaratory judgment action. See Docket Entry No. 5. Defendants previously moved with Plaintiffs' consent for an extension of the response date for the motion until September 18, 2007, and the Court granted that motion. Both of the September 18, 2007 deadlines were extended by one day automatically by operation of Fed. R. Civ. P. 6(a) because the Clerk's Office and the Court were closed on September 18, 2007.

Despite the diligent efforts of personnel at HUD and the U.S. Attorney's Office to obtain and analyze the claims and  information concerning the subject of the action, they have been unable to complete appropriate responses to the complaint and plaintiffs' partial motion for summary judgment. Defendants intend to move to dismiss this action in its entirety, and there is significant overlap between the reasons for dismissing this action and denying plaintiffs' motion for summary judgment. As a result, it would be highly inefficient for defendants to respond piecemeal.

- 2 -

This is defendants' first request for an extension of time for responding to a complaint raising some unusual claims and requiring a solid understanding of the government programs involved.  The need to become familiar with the facts and governing law relating to the claims requires time.  The AUSA assigned to this case has a heavy docket of active cases already pending in this Court and in the D.C. Circuit, and was out of the office during the week of September 10, 2007 for previously-scheduled annual leave.  Due to deadlines pending in other cases on Friday, September 21, 2007 (motion to dismiss amended complaint due to be filed in Ass'n of American Physicians & Surgeons, Inc. v. Food & Drug Admin., Civil Action No. 07-668 (JDB)) and Monday, September 24, 2007 (reply in support of motion for summary judgment due in Ginarte v. Mueller, Civil Action No. 06-2216 (RJL)), among other ongoing matters in several other cases, the AUSA is unable to complete the work in this case and have it reviewed internally at HUD until September 26, 2007.[1]

This motion is filed in good faith and granting it will not unduly delay the Court's ability to resolve this case because it amounts to only one additional week at the outset of the case. Nothing in the Complaint demonstrates any urgent need for expedited action or that the plaintiffs would otherwise be materially prejudiced by the brief extension requested by defendants. Indeed, the interests of the parties and the Court are better served by providing sufficient time for the government to respond to the complaint and the plaintiffs' motion for summary judgment in a

---

[1] On September 7, 2007, immediately prior to being on leave, the AUSA filed a brief in the D.C. Circuit in Ikossi v. Winters, No. 05-5456, a case to which she was assigned only recently.  Although undersigned counsel was skeptical on September 17, 2007 that time remaining would allow her to complete defendants' responses by the existing deadlines, she delayed filing this request for additional time until after exhausting all reasonable efforts to complete the defendants' responses.

way which will advance the ultimate resolution of this case and present the issues for decision sharply and thoroughly.

## Conclusion

For all of these reasons, defendants respectfully request that the deadline for filing a response to the Complaint and plaintiffs' motion for partial summary judgment be extended through and including September 26, 2007.

Date: September 19, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

 /s/
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

 /s/
_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>PENOBSCOT INDIAN NATION *et al.*,      )<br>                                       )<br>          Plaintiffs,                  )<br>                                       )<br>     v.                                )<br>                                       )<br>UNITED STATES DEPARTMENT OF             )<br>HOUSING & URBAN DEVELOPMENT *et al.*,   )<br>                                       )<br>          Defendants.                  )<br>_____) | Civil Action No. 07-1282 (PLF) |

**O R D E R**

UPON CONSIDERATION of defendants' motion for extension of time to respond to the

Complaint and to plaintiffs' motion for partial summary judgment, plaintiffs' opposition thereto,

and the entire record in this matter, the Court finds good cause for the relief being sought.

Accordingly, it is this _____ day of _____, 2007,

**ORDERED** that defendants' motion is **GRANTED**, and it is further

**ORDERED** that defendant shall have through and including September 26, 2007 to file

their responses to the Complaint and to plaintiffs' motion for summary judgment.

_____
PAUL L. FRIEDMAN
United States District Judge

Copies To Counsel of Record Through ECF