**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ | ) | |
| PENOBSCOT INDIAN NATION *et al*., | ) | |
| | ) | Case No.: 07-1282 (PLF) |
| Plaintiffs, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFFS' MOTION FOR AN ENLARGEMENT**
**OF TIME FOR ORAL ARGUMENT**

Plaintiffs the Penobscot Indian Nation ("PIN"), Penobscot Indian Nation Enterprises ("PINE") and Global Direct Sales, LLC ("GDS") (collectively the "Penobscot plaintiffs") respectfully request an enlargement of time for oral argument on the summary judgment motions. Pursuant to the Court's November 15, 2007 Minute Order, each side, not each party, will have 30 minutes for argument, including rebuttal. In light of the Penobscot plaintiffs' unique status as a tribal and governmental downpayment assistance ("DPA") provider and the individual arguments related thereto, they request ten (10) minutes for oral argument, in addition to the thirty (30) minutes provided collectively to plaintiff AmeriDream, Incorporated and the intervenors in the AmeriDream action (collectively the "AmeriDream plaintiffs"). I have requested the defendants' consent to this application and been advised that the defendants do not object, consent or take any position regarding the Penobscot plaintiffs' application.

In addition to the arguments available to the AmeriDream plaintiffs, the Penobscot plaintiffs have individual arguments including:

- That the February 2005 GAO report, IRS Revenue Ruling and IRS Press Release deal exclusively with charitable DPA and have no

bearing on governmental agency or tribal government DPA
programs;

- The Administrative Record establishes that data regarding the source of the DPA is crucial because **"[l]oans with assistance from seller-funded nonprofits do not perform as well as loans with assistance from other sources."** (AR at 519) (emphasis added); and

- HUD violated its own policies regarding tribal consultation and considering potential impacts of HUD rules on small entities during the rule making process.

In light of the above and the arguments set forth in their papers, the Penobscot plaintiffs respectfully request an additional ten (10) minutes for oral argument of the summary judgment motions (seven minutes for argument and three minutes for rebuttal). This motion is filed in good faith and granting it will not prejudice the defendants, the AmeriDream plaintiffs or unduly burden the Court. For the reasons set forth above, it is respectfully requested that the Penobscot plaintiffs' motion be granted.

Dated:  December 19, 2007

/s/ Gary E. Mason_____
Gary E. Mason
**THE MASON LAW FIRM, LLP**
1225 19th Street Northwest
Washington, D.C.  20036
(202) 429-2290

**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**
Michael L. Braunstein
747 Chestnut Ridge Road
Chestnut Ridge, N.Y. 10977
(845) 356-2570

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

PENOBSCOT INDIAN NATION, PENOBSCOT )
INDIAN NATION ENTERPRISES and )
GLOBAL DIRECT SALES, LLC, )          Case No.: 1:07-cv-01282
)
          Plaintiffs, )
)
    -v- )
)
UNITED STATES DEPARTMENT OF HOUSING )
AND URBAN DEVELOPMENT, ALPHONSO )
JACKSON IN HIS CAPACITY AS SECRETARY )
OF HOUSING AND URBANDEVELOPMENT, )
ROY A. BERNARDI, IN HIS CAPACITY AS )
DEPUTY SECRETARY OF HOUSING AND )
URBAN DEVELOPMENT AND BRIAN )
MONTGOMERY, IN HIS CAPACITY AS )
ASSISTANT SECRETARY OF HOUSING AND )
URBAN DEVELOPMENT AND )
COMMISSIONER OF THE FEDERAL HOUSING )
ADMINISTRATION, )
)
          Defendants. )

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION**
**FOR AN ENLARGEMENT OF TIME FOR ORAL ARGUMENT**

This matter having been presented to the Court upon the motion the plaintiffs the

Penobscot Indian Nation, Penobscot Indian Nation Enterprises and Global Direct Sales, LLC

(collectively the "Penobscot plaintiffs"), by their undersigned counsel, The Mason Law Firm,

LLP and Kantrowitz, Goldhamer & Graifman, P.C., in the presence of U.S. Department of

Justice and the United States Attorney for the District of Columbia, attorneys for the United

States Department of Housing and Urban Development, Alphonso Jackson in his capacity as

Secretary of Housing and Urban Development, Roy A. Bernardi, in his capacity as Deputy

Secretary of Housing and Urban Development and Brian Montgomery, in his capacity as

Assistant Secretary of Housing and Urban Development and Commissioner of the Federal Housing Administration; for an Order granting the Penobscot plaintiffs' motion for an additional ten (10) minutes for oral argument of the motions for summary judgment, seven minutes for argument and three minutes reserved for rebuttal and the Court having considered the papers submitted and having heard the argument of counsel, if any, and good cause having been shown;

IT IS on this _____ day of _____, 2007 ORDERED that the Penobscot plaintiffs' motion for an additional ten (10) minutes for oral argument of the motions for summary judgment, seven minutes for argument and three minutes reserved for rebuttal, is granted.

_____
Paul L. Friedman, U.S.D.J.