IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PENOBSCOT INDIAN TRIBE, )
PENOBSCOT INDIAN NATION ENTERPRISES )
and GLOBAL DIRECT SALES, LLC, )
)
Plaintiffs, )
)
v. )     Case Number: 1:07cv01282
)
UNITED STATES DEPARTMENT OF )     Hon. Paul L. Friedman
HOUSING AND URBAN DEVELOPMENT, )
et al., )
)
Defendants. )
)

---

## MOTION TO STRIKE NOTICE OF PLAINTIFFS' STATEMENT OF POSITION[1]

Shortly after noon on Monday, January 7, 2008, and without first conferring with defendants, plaintiffs attempted to file what they termed a "Notice of Plaintiffs' Statement of Position Regarding Plaintiffs' Initial Summary Judgment Motion, Defendants' Motion to Dismiss the Initial Complaint and Defendants' Unbriefed Motion to Dismiss" [Docket No. 35]. Plaintiffs' filing neglected to include the identified notice itself; however, it did include three letters concerning the parties' efforts to settle certain substantive claims and procedural questions at issue in this action. Shortly after 2 p.m., plaintiffs provided defendants a copy of the notice they had earlier attempted to file, and finally were able to correct their defective filing shortly before 3 p.m. [Docket No. 36]. As we explain below, plaintiffs' filing should be stricken from the record.

Although labeled a "notice," plaintiffs' motion is unquestionably a motion that seeks

---

[1] Pursuant to Local Civil Rule 7.1(m), counsel for defendants conferred with plaintiffs' counsel in an unsuccessful effort to obviate the need for this motion.

relief and which therefore was subject to the meet and confer obligation imposed LCvR 7.1(m). Plaintiffs ignored that requirement entirely and the motion should be struck for that reason.

Moreover, plaintiffs' motion was clearly intended to "sandbag" defendants. At plaintiffs' own request, the parties have deferred briefing on any claims and issues not related to the Final Rule, 72 Fed. Reg. 56,002 (Oct. 1, 2007), until after the Court's resolution of all claims related to the Final Rule. Thus, there is no legitimate reason for plaintiffs to have filed a motion requesting substantive relief entirely different from that at issue at the moment, literally on the eve of oral argument, when defendants would have no opportunity to prepare a substantive response prior to the hearing. Thus, the motion should be struck even without regard to plaintiffs decision to ignore LcvR 7.1(m)

Finally, the "notice" itself discusses the parties' attempts to settle a substantive claim (as well as a number of procedural issues) and attaches three letters between the parties addressing those matters in detail. Because these letters constitute settlement negotiations, their confidentiality should have been maintained. Permitting this sort of material to remain in the record clearly will have a chilling effect on defendants' willingness to engage in future settlement efforts. Cf. Williams v. Johanns, No. 03-cv-2245 (D.D.C. Jan. 2, 2008) (CKK), Slip Op. (attached at Tab A).

Dated: January 7, 2008                    Respectfully submitted,

                                          JEFFREY S. BUCHOLTZ
                                          Acting Assistant Attorney General

                                          JEFFREY A. TAYLOR
                                          United States Attorney

                                          /s/ Christopher R. Hall
                                          MICHAEL SITCOV
                                          TAMARA ULRICH
                                          CHRISTOPHER HALL
                                          ROBERT J. KATERBERG
                                          SCOTT RISNER
                                          Trial Attorneys
                                          United States Department of Justice
                                          20 Massachusetts Avenue, N.W.
                                          Washington, D.C. 20530
                                          Telephone: (202) 514-4778
                                          Fax: (202) 616-8470

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBERT WILLIAMS, *et al.*,

      Plaintiffs,

      v.

MIKE JOHANNS, *et al.*,

      Defendants.

Civil Action No. 03-2245 (CKK)

## MEMORANDUM OPINION
(January 2, 2008)

The instant Memorandum Opinion and accompanying Order concern the civil contempt

of Mr. James W. Myart, Jr., counsel for Plaintiffs in the above-captioned proceeding.  Magistrate

Judge John M. Facciola issued the following Order in this case on July 21, 2005:

> All settlement discussions held before the Magistrate Judge are
> confidential.  It is therefore, hereby, **ORDERED** that any
> participant who discloses what occurred during those discussions
> will be held in contempt of court and may be punished by a fine or
> imprisonment or both.  It is further, hereby, **ORDERED** that
> counsel who breach the confidentiality of settlement discussions
> will be immediately referred for disciplinary action.

[34] Order at 1 (July 21, 2005) ("Confidentiality Order").[1]

On March 14, 2006, Mr. Myart filed on the public docket Plaintiffs' [55] Memorandum

Submission on Mediation as Authorized by Magistrate Judge Facciola.  Mr. Myart does not

dispute that this submission violated the Confidentiality Order because it contained statements

---

[1] The Confidentiality Order is consistent with the Court's Local Rules relating to
confidentiality of mediation sessions.  *See* Local Civil Rule 84.9(a)(1) ("The Court hereby
prohibits the mediator, all counsel and parties and any other persons attending the mediation
from disclosing any written or oral communications made in connection with or during any
mediation session.").

made during the course of a mediation session held before Magistrate Judge Facciola on March 9, 2006.  *See* Plaintiffs' [66] Motion to Seal Pleading and for for (sic) Incamera (sic) Inspection Submission at 2 (April 7, 2006) (describing his own submission as an "obvious, direct violation of the Court's order").

On March 31, 2006, Magistrate Judge Facciola ordered Mr. Myart to show cause to this Court explaining why he should not be held in contempt for violating the Confidentiality Order. *See* [65] Order at 1-2 (March 31, 2006).  *See also* 28 U.S.C. § 636(e) (permitting magistrate judges to require persons "to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt" and indicating that the district judge may "punish such [a] person in the same manner and to the same extent as for a contempt committed before a district judge"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (recognizing the various sources of authority for courts to sanction contempt).  This Court held a show cause hearing on April 20, 2006, at which Mr. Myart admitted he violated the Confidentiality Order, and the Court took the matter under advisement to consider an appropriate sanction.

Non-compliance with a confidentiality order in the context of a mediation can have a chilling effect on settlement discussions.  It can also make parties reluctant to engage in a frank exchange of information, perceiving that their disclosures will be subsequently used against them.  It is therefore essential that counsel maintain the confidentiality of mediation sessions and comply with orders of the Court to ensure that such proceedings operate fairly, efficiently, and effectively.  These principles require preservation and demand vindication, when necessary.

Mr. Myart has acknowledged his error.  *See* Plaintiffs' [66] Motion at 2 ("Counsel is now aware that he broke the rules and the Court's order with regard to the confidentiality of mediation

. . . Counsel offers no excuses with regard to his error . . . Counsel, therefore, respectfully seeks the Court's acceptance of his apology"); Plaintiffs' [181] Objections to Magistrate [Judge] John M. Facciola's Discovery Orders at 8 ("Counsel remains subject to contempt and sanctions due to an honest error which Counsel acknowledged and for which Counsel has respectfully apologized").

The Court has weighed the significance of Mr. Myart's non-compliance with the Confidentiality Order and has determined that the Court's finding of civil contempt, which can have consequences for an attorney, will have the appropriate deterrent effect required. Accordingly, the Court shall hold Mr. Myart in contempt for violating Magistrate Judge Facciola's Confidentiality Order, and shall require Mr. Myart to pay a nominal $50 fine into the Registry of the Court no later than February 15, 2008.

Date: January 2, 2008

_/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PENOBSCOT INDIAN TRIBE,<br>PENOBSCOT INDIAN NATION ENTERPRISES<br>and GLOBAL DIRECT SALES, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN DEVELOPMENT,<br>et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 1:07cv01282<br><br>Hon. Paul L. Friedman |

**<u>ORDER</u>**

For the reasons set forth in the attached Motion to Strike Notice of Plaintiffs' Statement of Position, any opposition thereto, and any reply in support thereof, it is hereby ORDERED that Plaintiffs' Statement of Position Regarding Plaintiffs' Initial Summary Judgment Motion, Defendants' Motion to Dismiss the Initial Complaint and Defendants' Unbriefed Motion to Dismiss [Docket Nos. 35, 36] are struck from the record.

Done this _____ day of January, 2008.

_____
Honorable Paul L. Friedman
U.S. District Judge